IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DARRYL RIGGINS, AIS #184051,        :

    Plaintiff,                  :

vs.                                 :    CIVIL ACTION 12-0284-KD-M

J. H. JONES, *et al.*,              :

    Defendants.                 :

REPORT AND RECOMMENDATION

This § 1983 filed by an Alabama prisoner inmate proceeding *pro se*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. Along with the complaint, Plaintiff filed a motion to proceed without prepayment of fees, which was granted. (Doc. 3). However, as a result of Plaintiff's many filings, the Court reviewed Plaintiff's allegations and discovered that this action is subject to provisions of 28 U.S.C. § 1915(g).[1]  Thus, the

---

[1] The Court notes that Plaintiff did not list any prior actions when the complaint form requested this information (doc. 1 at 3) and that he signed the complaint under penalty of perjury. (*Id.* at 9). The failure to list prior cases is considered sanctionable conduct warranting the dismissal of an action for an abuse of process and being counted as a strike. *Hill v. Bishop,* No. CA 11-0620-WS-C, 2012 WL 1698382, at *2-*3 (S.D. Ala. Apr. 12, 2012) (reviewing prisoner cases that were dismissed as a sanction for plaintiff's failure to list his
(Continued)

grant of *in forma pauperis* status is being revoked by separate order.  Accordingly, it is recommended that this action be dismissed without prejudice under 28 U.S.C. § 1915(g) for the reasons noted below.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

After reviewing the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama, the Court discovered that Plaintiff had at least three actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, namely *Riggins v. Hilbert,* CA 02-2184 (N.D. Ala. Feb. 13, 2003); *Riggins v. Coody,* CA 99-1230 (M.D. Ala Nov. 23, 1999); *Riggins v. Hightower,* CA 99-0952 (M.D. Ala. Apr. 7, 2000); *Riggins v.*

---

prior cases because the plaintiff's failure was an abuse of process).

*Hightower,* CA 99-0722 (M.D. Ala. Sept. 13, 1999),[2] *aff'd* (11th Cir. Sept. 27, 2000).  Thus, the present action comes within the scope of 28 U.S.C. § 1915(g).

In order to avoid the dismissal of the present action under § 1915(g), Plaintiff must satisfy the exception to § 1915(g), which requires that he show that he was "under imminent danger of serious physical injury" at the time of the complaint's filing.  *See Adbul-Akabar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied*, 533 U.S. 953 (2001); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of

---

[2]  The docket sheet in CA 99-0722 does not contain specific language reflecting that this action was dismissed on one of the grounds found under § 1915(e)(2)(B).  However, the federal court for the Middle District, in dismissing another of plaintiff's actions under § 1915(g), *Riggins v. Robinson, et al.,* CA 04-0948 (M.D. Ala. Jan. 10, 2005), treated CA 99-0722 as a dismissal that counted as a "strike."  Moreover, it appears to this Court, from the activity reflected on the docket sheet in CA 99-0722, i.e., no service on the defendants, that the dismissal was based on a ground enumerated under § 1915(e)(2)(B).

3

serious physical injury faced must be at the time the complaint is filed, not at a prior time).

In reviewing the complaint's allegations (Doc. 1), the Court does not discern a claim showing that Plaintiff was "under imminent danger of serious physical injury" at the time he filed the complaint on December 20, 2011.  Plaintiff, who is incarcerated at Holman Correctional Center, complains that on December 15, 2011 and December 19, 2011, defendant Officer Cunningham "sexually assaulted," and verbally abused and threatened him.  (*Id.* at 4).  Officers were present when each incident occurred, but he complains that they did not intervene. (*Id.* at 4,5,7).  Subsequently, Plaintiff was placed in segregation by Defendant Warden Patterson who did not allow Plaintiff to receive a body chart or medical treatment. (*Id.* at 5).  Then, Defendant Powers, after being made aware of the situation, would not investigate it.  (*Id.* at 6).  For relief, Plaintiff requested damages, a review of policies, and criminal charges to be filed.  (*Id.* at 9).

On May 7, 2012, Plaintiff filed a motion to amend his complaint adding Defendant Shephard for his failure to investigate the sexual abuse and to obtain medical treatment for Plaintiff on or about December 16, 2011.  (Doc. 9).  Then, on June 13, 2012, Plaintiff filed a Motion for Leave to Amend, in which he complains about a variety of issues that span a period

4

of time from December 15, 2011 to June 10, 2012, with the last two issues, where no injury was alleged, occurring on June 10, 2012. (Doc. 15).

In assessing if a plaintiff is under imminent danger of serious physical injury, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  A plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient."  *Ball v. Allen*, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (unpublished) (citations and quotation marks omitted) (Granade, C.J.). Furthermore, the allegations must demonstrate that at the time the complaint was filed the danger existed.  *Id.* at *2.

In the present action, Plaintiff's complaint was signed and mailed on April 20, 2012.  (Doc. 9).  *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988) (a prisoner's pleading is deemed filed when the prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk"); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1325 n.4 (11th Cir. 2001) (citations omitted) (applying *Houston v. Lack* to a variety of actions).  However, the incidents in the complaint occurred on December 15,

5

2011 and December 19, 2011.  (Doc. 1 at 4).  Thus, it appears that Plaintiff is complaining about incidents that occurred in the past and was not "under imminent danger of serious physical injury" at the time that he filed the complaint on April 20, 2012.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $350 filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he *initiates* the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied*, 535 U.S. 976 (2002).  Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C);

*Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable where proceedings tape recorded).*  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).

that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 26th day of June, 2012.


                                      s/Bert W. Milling, Jr.
                                      BERT W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE