IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DARRYL D. RIGGINS,** | : |
| Plaintiff, | : |
| vs. | :    CIVIL ACTION 12-00284-KD-M |
| **J.H. JONES, et al,** | : |
| Defendants. | : |

## ORDER

This action is before the Court on the plaintiff Darryl D. Riggins's "Motion for Leave to Incorporate" which this Court construes as a motion for reconsideration.[1] (Doc. 28) Upon consideration, and for the reasons set forth herein, the motion is DENIED.

Generally, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). A motion for reconsideration "cannot be brought solely to relitigate issues already raised in an earlier motion." *Harris v. Corrections Corp. of America,* 2011 WL 2672553, 1 (11th Cir. July 11, 2011) citing *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

Review of the allegations in the motion to incorporate and the objection shows that Riggins raised the same argument in both: That the nurses gave his prescription medications to the officers who then gave him the medication in violation of protocol for dispensing medication

---

[1] Riggins is a *pro se* plaintiff. Therefore, the documents are given a liberal construction in the

and that he had repeatedly been served fish to which he is allergic. Reconsideration is not available where the arguments and issues raised have already been heard and decided by the Court. Therefore, the motion is due to be denied.

    **DONE** this the 8th day of August, 2012.

                                         **s / Kristi K. DuBose**
                                         **KRISTI K. DuBOSE**
                                         **UNITED STATES DISTRICT JUDGE**